UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DONALD P. ROSENDALE,

                             Plaintiff,

          - against -

MICHAEL MAHONEY, Individually and in his
official capacity as superintendent, and THE
MILLBROOK SCHOOL DISTRICT,

                            Defendants.
------------------------------------------------------------x

05 Civ. 01966 (CLB)(LMS)

*Memorandum and Order*

Brieant, J.

       Before this Court for resolution is a Motion filed on March 23, 2005 (Doc. 6) by Defendants to Dismiss the Complaint pursuant to Rule 12 and the Report and Recommendation with respect thereto issued by the Hon. Lisa Margaret Smith, United States Magistrate Judge on January 19, 2006. Familiarity with the Report and Recommendation on the part of the reader is assumed. Also submitted to the Court on February 10, 2006 were detailed objections by Plaintiff to the Magistrate Judge's recommendations (36 pages) together with a Proposed Second Amended Complaint.

       The Motion is based on immunity from suit under the Eleventh Amendment by the defendant Millbrook School District; that the Complaint fails to state a claim under § 1983 and the First Amendment; and that individual defendant Mahoney is entitled to qualified immunity.

       Following the filing of the Motion, the Plaintiff Pro se served and filed a First Amended Complaint. These pleadings asserted that Defendants terminated Plaintiff from his position as a

substitute teacher at the Millbrook Junior Senior High School in violation of his Constitutional rights and that Plaintiff was denied due process because he received no notice of his termination or opportunity to contest his termination at a hearing, and that the Defendants discriminated against him on the basis of age.

The Motion founded as it is under Rule 12, must be denied unless the Court is satisfied that assuming all well-pleaded factual allegations are true and drawing all reasonable inferences in favor of the Plaintiff, no relief of any kind could be granted. Rule 12 is essentially a rule of pleading and is less stringently applied with respect to *pro se* plaintiffs, *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

The facts as presented on the record presently before this Court are somewhat conclusory and inconsistent, based as they are largely on hearsay and inferences. Aided in part by the Proposed Second Amended Complaint, the Court understands that Mr. Rosendale, having been a per diem substitute school teacher in the Millbrook School District, was terminated without notice and without a hearing by defendant Mahoney, and it is claimed that Mahoney's "real motivation in terminating him" was that he was a Plaintiff in an unrelated lawsuit against a neighboring municipality, which the Defendants learned of because the School was served with a subpoena for his medical records; alternatively, that he was terminated because he was arrested and later convicted of obstructing governmental administration in connection with a Highway Repair Project of the New York Department of Transportation, totally unrelated to the activities of the School District. A third explanation for his termination which Plaintiff received

by hearsay is that he was fired because of his age (69 at the time).

The Magistrate Judge has concluded and recommended to this Court that the § 1983 claims against the School District and Mr. Mahoney in his official capacity must be dismissed on the ground of Eleventh Amendment Immunity.  This Court agrees.  However, on January 5, 2006, the Court of Appeals for the Second Circuit heard the case of *Woods v. Cafiero,* Court of Appeals Doc. No. 05-1080, now awaiting decision, in which this issue of Immunity for New York School Districts is being revisited.  Mr. Rosendale also points out correctly that, at least in theory, an equitable remedy could be granted against the School District or Mr. Mahoney in reliance on the doctrine of *ex parte Young,* 209 U.S. 123.  Pending issuance of a decision by the Court of Appeals in *Woods,* this Court declines to dismiss as to the school district, or Mr. Mahoney in his official capacity.

The learned Magistrate Judge, in her Report at p. 16 *et seq*. held that personal claims against Mr. Mahoney individually could be maintained under § 1983 of Title 42, and that such portion of the Complaint could not be dismissed on Eleventh Amendment Immunity grounds.  This Court agrees.

Mr. Mahoney may assert Qualified Immunity.  However, in the context of this case where
motivation is an issue, the question of Qualified Immunity is generally fact-intensive.
Mr. Rosendale makes what appears to this Court to be a somewhat improbable claim that

Mr. Mahoney was angry with him and retaliated because he had brought a civil lawsuit against the Town of Amenia arising out of alleged violations of town zoning and similar land use regulations. This Court is unable on the present record to agree with the Magistrate Judge that the lawsuit against Amenia is not a matter of public concern (R&R, p. 18). To the extent Plaintiff seeks monetary damages for hearing loss he sustained due to failure on the part of the Town to control the noise levels of an adjacent rod and gun club, the claim is filed in furtherance of its own interest. However, to the extent that the litigation raises issues concerning the failure of law enforcement to deal adequately with what may be a course of conduct violative of town land use regulations and injurious to the interests of other neighbors of the rod and gun club and other premises or the public generally, the litigation involves protected speech which raises issues of interest to the general public and is protected against First Amendment retaliation. Speech is not required to be accurate or to assert valid claims in order to be protected. The so-called *Connick* rule is intended to prevent employees and others from turning purely private and essentially job-related disputes into cases of Constitutional magnitude. It does not open the door to retaliation, if such there were, arising out of litigation brought which at least in theory affects the rights of other neighbors of the rod and gun club or other premises claimed to violate the zoning, and the general public. The Magistrate Judge notes that should the Court disagree with the *Connick* analysis, it should "allow Defendants to raise their Qualified Immunity defense in a motion for summary judgment after the discovery phase has been completed." (R&R, p. 20) This Court agrees.

The Plaintiff also asserts a due process claim that he was deprived of a protected property

or liberty interest because he was dismissed from the substitute teacher's roster for one or more improper reasons, either in First Amendment retaliation or because of his arrest for obstructing government administration or his age. This Court agrees with the analysis in the Report that such a claim of entitlement must arise under State law. *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972). Mr. Rosendale never submitted to the Magistrate Judge nor has he attached to his Proposed Second Amended Complaint, a copy of his contract which he says he has with the School District as a substitute teacher. Defense counsel has also failed to furnish it. Only by developing further information can it be determined whether the Plaintiff had a sufficient expectation under his agreement that he would be continued on the roster of substitutes but for unlawful retaliation. The State of New York Regulations and caselaw having to do with the response of school district officials to arrests and convictions of non-tenured employees will at least be a starting point to determine what due process, if any, Plaintiff was entitled to receive. The Court agrees that Plaintiff has no tenure, but an ongoing contractual relationship with the expectation of renewal viewed against a background of local customs and practices could give rise to a property interest sufficient to support a due process claim.

This Court declines on the present record to dismiss the due process claim.

Plaintiff also claims on information and belief that Defendants communicated derogatory information to other school districts. There is no showing, in spite of the length of time in which this case has been pending, as to what the derogatory information was, to whom it was communicated and by whom. There has been no discovery, and no showing that, on the present

record, Mahoney imparted derogatory information about Plaintiff to the Dutchess County BOCES. The Court is not able to say on the present record that under no circumstances would Plaintiff be entitled to a name clearing hearing based on "stigma." Rule 12, directed as it is to the face of the pleading, does not provide a basis to dismiss this aspect of the case.

The age discrimination claim cannot be maintained against the School District or the individual Defendants, in light of *Kimel v. Florida Board of Regents,* 528 U.S. 62, 73-74 (2000). The age discrimination claim is dismissed and may not be repleaded under § 1983, essentially for the reasons made clear in the Report and Recommendation.

The Court agrees with the Report and Recommendation (p. 28) that the Plaintiff be permitted to amend his Complaint one more time. The age discrimination claims under State law should not be part of the federal case and they are dismissed without prejudice. A copy of the claimed contract with the school district should be attached to the next Amended Complaint. The proposed draft previously submitted should be modified to the extent necessary to comply with this decision.

Lastly, as noted earlier, if the Court of Appeals affirms *Woods v. Cafiero, supra,* depending on the scope of the holding, this case would be going forward under an entirely different jurisprudential regime. Plaintiff may, if so advised, withhold serving and filing an Amended Complaint for sixty days from the date hereof or twenty days following the decision of the Court of Appeals in *Woods,* whichever occurs first.

In the meantime, the Court respectfully requests the Magistrate Judge to attempt to involve the parties in this Court's Mediation Program in an effort to resolve those issues which will remain open whether or not *Woods* is affirmed, and to seek a global resolution.  The Motion is disposed of consistent with the foregoing directions.

X

      X

          X

              X

                  X

                      X

                          X

SO ORDERED.

Dated: White Plains, New York
       March 9, 2006

**CHARLES L. BRIEANT**

_____
Charles L. Brieant, U.S.D.J.