UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ROSENDALE,                                          :

      Plaintiff,                                : REPORT AND RECOMMENDATION

      -against-                                : 05 Civ. 1966 (CLB)(LMS)

MAHONEY, et al.,,                                   :

      Defendant.                                :

------------------------------------------------------------x

TO: THE HONORABLE CHARLES L. BRIEANT, UNITED STATES DISTRICT JUDGE;

    By motion dated March 19, 2007, plaintiff *pro se* has moved (1) under Federal Rule of Civil Procedure 60(a) to correct an obvious clerical error in Your Honor's Order of October 2, 2006 ("the October 2 Order"), (2) under Federal Rule of Civil Procedure 60(b) to seek relief from Your Honor's March 9 Order, "based on transitional law from the Second Circuit Court of Appeals," and (3) under Federal Rule of Civil Procedure 60(b) to seek relief from Your Honor's Order dated March 9, 2006 ("the March 9 Order"), based on newly-discovered evidence which was not learned in time to be the basis for a motion under Rule 59. Notice of Motion dated March 19, 2007.

Procedural Background

    This is the third Report and Recommendation prepared by the undersigned in this case, and I presume that Your Honor is fully familiar with the facts and history of this case, as set forth therein and in the pleadings. See Complaint, Docket #2, First Amended Complaint, Docket #11,

Copies Mailed to Counsel of Record;

Report and Recommendation, Docket #23, Second Amended Complaint, Docket #33, Report and Recommendation, Docket #43, Answer to Second Amended Complaint, Docket #53. For purposes of this Report and Recommendation certain portions of the procedural history are relevant, and will be set forth.

The Complaint in this matter was filed on February 9, 2005. Docket #2. Defendants filed a Motion to Dismiss that Complaint on March 23, 2005. Docket #6. Subsequent to the Motion to Dismiss, Plaintiff filed a First Amended Complaint, on April 19, 2005. Docket #11. The undersigned issued a Report and Recommendation on the Defendant's Motion on January 20, 2006. On February 10, 2006, Plaintiff filed Objections to the Report and Recommendation, along with a Proposed Second Amended Complaint. Docket #27. In the March 9 Order Your Honor declined to dismiss the §1983 claims against the School District or against Mr. Mahoney in his official capacity, in light of the then-pending appeal in Woods v. Cafiero; Your Honor declined to dismiss the §1983 claims of First Amendment retaliation against Mr. Mahoney in his individual capacity, noting that a Qualified Immunity defense could be raised on a motion for summary judgment; Your Honor declined to dismiss the due process claim; Your Honor declined to dismiss the "stigma" claim; Your Honor dismissed the age discrimination claim in light of Kimel v. Florida Board of Regents, 528 U.S. 62, 73-74 (2000). Your Honor also permitted Plaintiff to amend his Complaint "one more time." March 9 Order at p. 6. Your Honor directed Plaintiff to modify his proposed Second Amended Complaint "to the extent necessary to comply with this decision." Id.

Pursuant to the March 6 Order, Plaintiff had sixty days from March 10, 2006 (the date the Order was filed), or twenty days following the Second Circuit's decision in Wood v. Cafiero,

104 CV 0695 (LEK), 2005 WL 3871601, at *1 (N.D. N.Y. 2005), whichever occurred first, to file a Second Amended Complaint. Plaintiff filed his Second Amended Complaint with the Pro Se Clerk's Office on June 16, 2006.[1] Defendants then filed a Motion to Dismiss the Second Amended Complaint. Docket #34. That Motion to Dismiss directly sought dismissal of the First, Second, Fourth, Fifth, Sixth, Seventh, and Eighth causes of action in the Second Amended Complaint. Neither the Motion, nor the Plaintiff's Opposition to the Motion, nor my Report and Recommendation, addressed the Third cause of action, alleging First Amendment Retaliation. That cause of action had already been addressed in connection with the original Motion to Dismiss.

In Your Honor's October 2 Order Your Honor dismissed the Second Amended Complaint "as to all claims except the First Claim (or cause of action)." October 2 Order at p. 6. Your Honor did not address in any way the Third cause of action, alleging First Amendment retaliation, which had survived the first Motion to Dismiss, and which was not the subject of the Second Motion to Dismiss in any way.

On October 10, 2006, the Second Circuit decided Woods v. Rondout Valley Central School District Bd. of Education, et al., 466 F.3d 232 (2d Cir. 2006). The Court of Appeals held that the defendant Board of Education in that case had failed to demonstrate that it was an arm of the State of New York that was entitled to Eleventh Amendment immunity.

---

[1] The filing was beyond the deadline set by the Court, but the timeliness of that filing has not been the subject of any motion by Defendants. See Report and Recommendation, Docket #43, at p. 4 and n. 3.

The October 2 Order

The sequence of events preceding the issuance of the October 2 Order make clear to the reader of all of the documents, including the October 2 Order, that there was no intent to dismiss the First Amendment claim that had been addressed in the initial Motion to Dismiss and that Your Honor had ruled should survive the Motion. This cause of action was not addressed in any way in the subsequent Motion to Dismiss, and although the concluding language of the October 2 Order referenced the dismissal of "all claims except the First Claim," it was, by its own contents, not intended to apply to the previously addressed First Amendment claim for retaliation. It appears that the sole reason that the Court did not also except the First Amendment retaliation claim from its Order was because that claim had not been discussed in connection with that motion, and therefore the lack of mention of that surviving claim was, indeed, a clerical oversight. Therefore, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff's motion with regard to amending the October 2 Order such that the First Amendment retaliation claim in the Third cause of action remains as a part of Plaintiff's claims should be granted.

The "Transitional Law" Argument

The Plaintiff urges that the Second Circuit's decision in <u>Woods v. Rondout Valley Central School District</u> should serve as a basis for reinstatement of his ADEA claim against the Defendant School District. However, even if <u>Woods</u> was a sufficient basis to permit such an amendment of the pending claims by Plaintiff, such reinstatement would be futile. The asserted ADEA claim cannot stand because he has failed to make the requisite EEOC filing which is a

precondition to such a suit. See Second Amended Complaint, Docket #33, at ¶63, in which Plaintiff concedes he did not make such a filing. Such a filing with the EEOC, or with the related New York State Human Rights Commission, is a prerequisite to bringing suit in federal court under the ADEA. See 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2). While the time within which such a filing must be made is subject to estoppel and waiver, no argument has been made to support such a finding here. This Defendant cannot be charged with the delay attendant to the Second Circuit's consideration of Woods. Even if there was, as Plaintiff asserts, some effort by Defendants to conceal the true reason for their termination of Plaintiff, which thereby prevented him from effecting such a timely filing,[2] he has yet to file a complaint with the EEOC, or to explain why the Defendants had somehow prevented him from doing so. Thus, even if the Second Circuit's decision in Woods provided a basis for permitting yet another Amendment to his Complaint, the Plaintiff is not entitled to assert the proposed ADEA claim because he has failed to make any effort to satisfy the condition precedent of an EEOC filing.

The Newly Discovered Evidence

A motion under Rule 60(b) is addressed to "the sound discretion of the district court and [is] generally granted only upon a showing of exceptional circumstances." Mendell on Behalf of Viacom, Inc., v. Gollust, 909 F.2d 724, 731 (2nd Cir. 1990), citing Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir.1986). Plaintiff here has not shown extraordinary circumstances. His equal

---

[2] In paragraph 63 of the Second Amended Complaint Plaintiff alleges that "[t]o the extent that the claim that the plaintiff was fired because of his age was valid, in concealing this fact until after the time had passed during which the plaintiff could have filed a claim with the EEOC, Mr. Mahoney and the school violated his rights under the Age Discrimination Employment Act."

protection claim was dismissed in the October 2 Order because Plaintiff had not alleged sufficiently that the comparators with whom he sought to compare himself were "prima facie" identical to him. He now seeks relief from the previous Order on the grounds that he has discovered new evidence. However, the evidence he has proffered in this motion continues to suffer the same deficiency as the original allegations; the suggestion that this new "evidence" establishes an appropriate comparator is speculative, at best. In view of the history of this case I conclude, and respectfully recommend that Your Honor should conclude, that there are no exceptional circumstances here which warrant granting this motion, and in the Court's discretion this portion of the motion should be denied.

## CONCLUSION

For the reasons set forth herein I respectfully conclude, and recommend that Your Honor should conclude (1) that Plaintiff's motion to correct a clerical error in the October 2 Order to permit his Third cause of action, asserting First Amendment retaliation, should be granted; (2) that Plaintiff's motion to reinstate his ADEA claim should be denied; and (3) that Plaintiff's motion to revive his equal protection claim should also be denied.

## NOTICE

Pursuant to 28 U.S.C. 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(e), or a total of thirteen (13) working days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the

Clerk of the Court with extra copies delivered to the chambers of The Honorable Charles L. Brieant at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Brieant.

Dated: August 10, 2007
      White Plains, New York

**RESPECTFULLY SUBMITTED,**

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

Copies of this Report and Recommendation have been sent to:

The Honorable Charles L. Brieant
Donald P. Rosendale, Plaintiff *pro se*
Mark C. Rushfield, Esq., counsel for Defendants