UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DONALD P. ROSENDALE,

                Plaintiff,

    - against -

W. MICHAEL MAHONEY, individually and
as Superintendent of the Millbrook, N.Y. School
District, and THE MILLBROOK CENTRAL
SCHOOL DISTRICT,

                Defendant.
------------------------------------------------------------x

05 Civ. 1966 (CLB)

***Memorandum and Order***

Brieant, J.

    Before this Court for consideration is a Report and Recommendation of the Hon. Lisa Margaret Smith, United States Magistrate Judge, which Report is dated March 27, 2008, together with other submissions from the participants in this long standing litigation, which have been evoked by the Report.

    The Magistrate Judge has concluded that "Defendants' Motion for Summary Judgment should be granted in part and denied in part and that Plaintiff's Cross-Motion for Partial Summary Judgment should be denied." The Magistrate Judge has concluded that "there are genuine issues of material fact with regard to whether Plaintiff had an ongoing contractual relationship with Defendants, and that Plaintiff has not established as a matter of law that he is entitled to summary judgment on his procedural due process claim." The entire record before this Court confirms, contrary to the May 2, 2008 letter submitted by Mr. Rosendale, that, at the very least, Mr. Mahoney had the apparent authority to terminate Plaintiff and did so. This

authority was apparently derived either from the Superintendent or the Board of Education itself. Indeed, that has been the position of Plaintiff throughout the early history of this long pending case.

The Magistrate Judge has also concluded on the present state of the record that a "reasonable jury could not find for Plaintiff on the third prong of his *prima facie* First Amendment retaliation claim, and that Defendants are entitled to summary judgment dismissing this claim and that she finds no need to address Mahoney's qualified immunity."

Notwithstanding any apparent inconsistencies with prior orders issued by this Court, the Court concludes that the Magistrate Judge was within her powers of review based on the entire present record, and adopts the Recommendation as the decision of this Court. Accordingly, the case should be set down for jury trial of the remaining issues.

At some point in the prolific correspondence in connection with this case, Mr. Rosendale has indicated that he is now represented by an attorney, but the attorney has filed no Notice of Appearance. If there is an attorney in this case, he or she should file a Notice of Appearance forthwith.

A Case Management Conference with the Court will be held on June 20, 2008 at 9:00 A.M., and such attorney, if he or she will be participating, shall attend the conference. While it would be quite difficult to try this case even with the most sophisticated *pro se* litigant

(and Mr. Rosendale is close to being such), the Court has no other alternative at this time except for the possibility that a settlement could be reached among the parties, having view to their future transactional costs, and the likelihood that a trial outcome will not satisfy anybody.

Mr. Rosendale has written the Court under date of April 28, 2008 explaining that a package intended for this Court was sent by mistake to the Westchester County Supreme Court. The Court understands that these events occur, and the Court attempts to resolve issues in accordance with the merits rather than by defaulting participants. The Court has considered all proposed submissions which have been received until today.

The Court has an April 24, 2008 letter from Attorney Rushfield. The Court agrees that it will be impermissible to receive at trial any hearsay evidence to the effect that Plaintiff (or anybody else) believes or infers that Defendant Mahoney has stated that he terminated the Plaintiff from the per diem Teacher's Substitute List because he or they "jumped to the conclusion that Plaintiff was a sex criminal." Mr. Rushfield indicates that there is no such testimony in the record and testimony by the Plaintiff that he *inferred* this was the reason for Mahoney's action, will not be admissible at trial. Also, testimony to that effect which has not been elicited from a participant during pretrial discovery many not be received at this late date, as against a claim of surprise.

SO ORDERED.

Dated: White Plains, New York
       May 12, 2008

_____
Charles L. Brieant, U.S.D.J.